IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLIE CHONG THAO,

    Petitioner,               No. CIV S-09-3572 WBS DAD P

    vs.

SWARTHOUT, Warden,

    Respondent.            <u>ORDER</u>

_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Also pending before the court is petitioner's motion for an evidentiary hearing.

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, petitioner's application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**PETITION FOR A WRIT OF HABEAS CORPUS**

    In his cursory habeas petition, petitioner simply claims that his counsel at both the trial and appellate level rendered ineffective assistance. Plaintiff does not allege any specific facts as to what aspects of his counsels' performance he seeks to challenge in this action.

1

1  Accordingly, at this time, the court is unable to determine whether plaintiff is entitled to relief.
2  See Rule 4, Fed. R. Governing § 2254 Cases.  A petitioner is "required to allege specific facts
3  which, if true, would entitle him to relief."  Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998).
4  Here, because petitioner has failed to comply with this requirement, his application for a writ of
5  habeas corpus must be dismissed with leave to amend.  In his amended petition, petitioner should
6  allege facts regarding the performance of his trial and appellate counsel that he believes
7  demonstrates a real possibility of constitutional error.  See Aubut v. Maine, 431 F.2d 688, 689
8  (1st Cir. 1970).

## MOTION FOR AN EVIDENTIARY HEARING

10  Petitioner is advised that under 28 U.S.C. § 2254(e)(2), a district court presented
11  with a request for an evidentiary hearing must first determine whether a factual basis exists in the
12  record to support petitioner's claims and, if there is not, whether an evidentiary hearing "might
13  be appropriate."  Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999).  See also Earp v.
14  Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70
15  (9th Cir. 2005).  A petitioner requesting an evidentiary hearing must demonstrate that he has
16  presented a "colorable claim for relief."  Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d
17  at 670, Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004) and Phillips v. Woodford,
18  267 F.3d 966, 973 (9th Cir. 2001)).

19  Here, as noted above, the court is unable to determine whether petitioner has
20  presented a colorable claim for relief.  Accordingly, petitioner's motion for an evidentiary
21  hearing will be denied at this time as premature.

## CONCLUSION

24  In accordance with the above, IT IS HEREBY ORDERED that:
25  1. Petitioner's April 14, 2010, motion to proceed in forma pauperis (Doc. No. 8)
26  is granted.

2. Petitioner's petition for a writ of habeas corpus is dismissed with leave to file an amended petition within thirty days from the date of this order.  Any amended petition must be filed on the form employed by this court, must bear the case number assigned to this action, and must bear the title "Amended Petition."

3. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

4. Petitioner's December 28, 2009, motion for an evidentiary hearing (Doc. No. 2) is denied.

DATED: October 5, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
thao3572.114+mot