1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLIE CHONG THAO,

11            Petitioner,                 No.  CIV S-09-3572 WBS DAD P

12       vs.

13   SWARTHOUT, Warden,

14            Respondent.                 ORDER

15   _____/

16            On June 27, 2011, the undersigned issued findings and recommendations

17   recommending that certain of petitioner's claims for federal habeas relief be dismissed due to his

18   failure to exhaust those claims in state court and that all of petitioner's remaining claims be

19   denied on the merits.  (Doc. No. 30.)  Upon further review of the docket, the undersigned notes

20   that, on December 28, 2009, the same day on which he filed the original petition in this action,

21   petitioner filed a motion for stay and abeyance pursuant to the decision in Rhines v. Weber, 544

22   U.S. 269 (2005).  (See Doc. No. 3.)   Therein, petitioner sought a stay in order to exhaust state

23   /////

24   /////

25   /////

26   /////

1   remedies "on all unexhausted claims."[1]  (Doc. No. 3 at 2.)   However, it was not clear from

2   petitioner's motion whether he sought to stay his ineffective assistance of trial and appellate

3   counsel claims in their entirety; or whether he sought to stay unspecified sub-claims within those

4   claims.  (See Doc. No. 1.)  At any rate, petitioner referenced his concurrently-filed petition to

5   show that his claims potentially had merit pursuant to the three-part test in Rhines.  (Doc. No. 3

6   at 1.)

7            Neither the court nor respondent explicitly addressed petitioner's Rhines motion.

8   Nonetheless, as recounted in the procedural history section of this court's recently filed findings

9   and recommendations[2], petitioner proceeded to litigate his request for a writ of habeas corpus in

10

_____

11      [1] In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed
    federal petition should be available only in the limited circumstance that good cause is shown for
12   a failure to have first exhausted the claims in state court, that the claim or claims at issue
    potentially have merit and that there has been no indication that petitioner has been intentionally
13   dilatory in pursuing the litigation. 544 U.S. at 277-78.

14      [2]  To wit:

15            "On December 28, 2009, petitioner filed his original federal habeas
            petition in this court.  (Doc. No. 1.)  On January 13, 2010,
16            petitioner filed a habeas corpus petition in the Sacramento County
            Superior Court, which was denied on March 2, 2010.  (Lod. Docs.
17            9, 10.)  On March 18, 2010, the magistrate judge previously
            assigned to this case recommended that the petition be dismissed
18            on procedural grounds.  (Doc. No. 7.)  On April 6, 2010, petitioner
            filed a habeas corpus petition in the California Supreme Court.
19            (Lod. Doc. 11.)  On May 11, 2010, the previously assigned
            magistrate judge vacated his earlier findings and recommendations.
20            (Doc. No. 9.)  By order dated June 22, 2010, this case was
            reassigned to the undersigned magistrate judge.  (Doc. No. 11.)  On
21            October 6, 2010, the undersigned dismissed the original habeas
            petition and granted petitioner leave to file an amended petition.
22            (Doc. No. 13.)  On October 13, 2010, the California Supreme
            Court summarily denied petitioner's habeas corpus petition.  (Lod.
23            Doc. 12.)  On November 23, 2010, the undersigned issued findings
            and recommendations recommending that the federal habeas
24            petition be dismissed without prejudice on procedural grounds.
            (Doc. No. 16.)

25

26            "On December 7, 2010, petitioner filed his first amended petition
            (hereinafter "FAP").  (Doc. 18.)  On January 13, 2011, the

1   the state courts, culminating in the California Supreme Court's denial of his state habeas petition

2   on October 13, 2010.  On December 7, 2010, petitioner filed his First Amended Petition (FAP)

3   in this action; and on January 13, 2011, the undersigned ordered a response to the FAP.  (See

4   Doc. No. 30 at 2-3.)  In sum, between his filing of a Rhines motion in December 2009 and his

5   filing of the FAP in December 2010, petitioner completed a full round of habeas review in the

6   state courts and had the opportunity to exhaust any of his unexhausted claims.  Thus, by the time

7   he filed the FAP, his Rhines motion had been rendered moot.

8          Moreover, it is clear from this court's October 6, 2010 screening order dismissing

9   petitioner's original petition with leave to amend, that petitioner's ineffective assistance claims

10  did not meet the "potential merit" test required for a stay pursuant to the decision in Rhines.  In

11  that order, the undersigned stated: "In this cursory habeas petition, petitioner simply claims that

12  his counsel at both the trial and appellate levels rendered ineffective assistance. [Petitioner] does

13  not allege any specific facts as to what aspects of his counsels' performance he seeks to challenge

14  in this action.  Accordingly, at this time, the court is unable to determine whether plaintiff is

15  entitled to relief." (Doc. 13 at 1-2.)  Thus the court may be said to have implicitly rejected

16  petitioner's Rhines motion, which in any event was moot by the time he filed the FAP.

17         For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's December

18  28, 2009 motion for stay and abeyance (Doc. No. 3) is denied as moot.

19  DATED: July 21, 2011.

20

21  DAD:3
    thao3572.ord

22                                              DALE A. DROZD
                                                UNITED STATES MAGISTRATE JUDGE
23  _____

24       undersigned vacated the prior findings and recommendations and
         ordered a response to the FAP. (Doc. No. 19.) Respondent filed
         an answer on March 14, 2011. (Doc. No. 22.) Petitioner filed a
25       traverse on April 18, 2011. (Doc. No. 27.)"

26  (Doc. No. 30 at 2-3.)